RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice forthcoming*)
ratkins@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile: (212) 492-0183

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC;
and RASIER-CA LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE LS 16, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>a Delaware Corporation; RASIER, LLC,<br>a Delaware Limited Liability Company;<br>RASIER-CA, LLC, a Delaware Limited<br>Liability Company; and DOES 1 through<br>50, Inclusive,<br><br>Defendants. | Case No. 3:23-cv-03758-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE DISTRICT OF ARIZONA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 17, 2023<br>Time:   10:00 a.m.<br>Courtroom:  6 – 17th Floor<br><br>Action Filed:  July 27, 2023<br>Trial Date:    None Set |

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on November 17, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable Charles R. Breyer, Courtroom 6, 17th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") will and hereby do move, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the District of Arizona (the "Motion").

Uber respectfully requests the transfer of this action to the District of Arizona, pursuant to 28 U.S.C. § 1404(a), in the interest of justice and convenience to the parties and witnesses.

The Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Randall S. Luskey, Declaration of Alejandra O'Connor, and the exhibits attached thereto, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

DATED:  September 15, 2023

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP


By:     */s/ Randall S. Luskey*
        RANDALL S. LUSKEY
        ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA LLC

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................2

I.    Background on Uber. .............................................................................................2

II.    Background on this Complaint. ..........................................................................2

III.   The Forum Selection Clause. .............................................................................3

IV.   Background on Similar Decisions in Other Uber Cases. .....................................4

LEGAL STANDARD...............................................................................................................5

ARGUMENT ...........................................................................................................................5

I.    This Case Could Have Been Brought in Arizona. ...............................................5

II.    The Private Interest Factors, Including the Convenience of the Parties and
Witnesses, Favor Transfer. .................................................................................6

      A.    The Forum Selection Clause Is the Controlling Private Interest
Factor. .......................................................................................................6

            1.    The Forum Selection Clause is Mandatory.................................6

            2.    Plaintiff's Claims Fall within the Scope of the Forum
Selection Clause. .......................................................................7

      B.    Even if There Were No Forum Selection Clause, the Private
Factors Would Favor Transfer. .................................................................7

            1.    The District of Arizona is More Convenient for the Parties. .......8

                (a)    Plaintiff is an Arizona Resident and Her Decision to
File Here Is Entitled to Minimal Consideration.............................8

                (b)    Arizona is the Only State That Can Provide
Complete Resolution and Process, Thus Transfer
Will Avoid Parallel Proceedings.....................................................8

            2.    The District of Arizona is More Convenient for Potential
Witnesses. .................................................................................9

                (a)    The Relevant Evidence and Witnesses are Located
in Arizona.......................................................................................9

                (b)    The District of Arizona Can Compel Critical
Witnesses to Testify at Trial, While the Northern
District of California Cannot. .......................................................10

            3.    The Location of Uber's Corporate Headquarters Does Not
Render the Northern District of California a More
Convenient Venue....................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

III.   The Public Interest Factors Favor Transfer. ........................................................12

    A.   Local Interest and the Burden on the Courts and Jury...........................................12

    B.   Litigation Costs – Avoiding Unnecessary Expense and Duplicative Litigation..............................................................................................................14

    C.   Familiarity with Applicable Law. ..........................................................................15

CONCLUSION................................................................................................................15

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC,
AND RASIER-CA, LLC'S MOTION TO TRANSFER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allred* v. *Innova Emergency Med. Assocs., P.C.*,
  2018 WL 4772339 (N.D. Cal. Oct. 1, 2018)............................................................12

*Atl. Marine Const. Co.* v. *U.S. Dist. Ct. for the W. Dist. of Tex.*,
  571 U.S. 49 (2013)..........................................................................................5

*Bates* v. *Sup. Ct. of State of Ariz., ex rel. Maricopa Cnty.*,
  749 P.2d 1367 (Ariz. 1988)..............................................................................15

*Blankenship* v. *Medtronic, Inc.*,
  2013 WL 3322031 (C.D. Cal. June 7, 2013) ...........................................................9

*Ciena Cap. Funding, LLC* v. *Krieg's Inc.*,
  394 P.3d 39 (Ariz. Ct. App. 2017)......................................................................15

*Colaco* v. *Cavotec SA*,
  236 Cal. Rptr. 3d 542 (2018) ............................................................................15

*Coleman* v. *Mallinckrodt Enter. LLC*,
  2019 WL 1779574 (N.D. Cal. Apr. 23, 2019) ........................................................10

*Dawson* v. *Medtronic, Inc.*,
  2013 WL 3322040 (C.D. Cal. Mar. 8, 2013).....................................................10, 15

*Docksider, Ltd.* v. *Sea Technology, Ltd.*,
  875 F.2d 762 (9th Cir. 1989) .............................................................................6

*Fein* v. *Public Serv. Coordinated Transp.*,
  165 F. Supp. 370 (E.D. Pa. 1958) ......................................................................15

*Future Foam, Inc.* v. *FXI, Inc.*,
  2016 WL 11752908 (C.D. Cal. Apr. 5, 2016) ..........................................................6

*Gorne & Walker* v. *Uber Techs.*, *Inc.,*
  CGC-19-575852 (San Francisco Super. Ct. July 1, 2019)..........................................6

*HSM Holdings, LLC* v. *Mantu I.M. Mobile Ltd.*,
  2020 WL 7220462 (N.D. Cal. Jan. 30, 2020) .....................................................4, 13

*Hyundai Space & Aircraft Co.* v. *Boeing Co.*,
  1999 WL 910131 (N.D. Cal. Oct. 12, 1999)..........................................................13

*Italian Colors Rest.* v. *Am. Express Co.*,
  2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ......................................................14

- iii -

*Jane Doe* v. *Uber Techs., Inc.*,
2017 WL 2352032 (N.D. Cal. May 31, 2017) ................................................................ *passim*

*Jane Doe* v. *Uber Techs., Inc.*,
CGC-17-556481 (San Francisco Super. Ct. Aug. 11, 2017) .................................................4

*Jane Doe* v. *Uber Techs., Inc.*,
CGC-19-579901 (San Francisco Super. Ct. Mar. 24, 2020)..................................................4

*Jones* v. *GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) .................................................................................................6

*Kawamura* v. *Boyd Gaming Corp.*,
2012 WL 6047728 (D. Haw. Dec. 5, 2012)............................................................................9

*Lapachet* v. *Cal. Forensic Med. Grp., Inc.*,
2017 WL 3917209 (N.D. Cal. Sept. 7, 2017) .......................................................................8

*N. Cal. Dist. Council of Laborers* v. *Pittsburg-Des Moines Steel Co.*,
69 F.3d 1034 (9th Cir. 1995) .................................................................................................6

*North* v. *Samsung SDI Am., Inc.*,
2020 WL 1984020 (N.D. Cal. Apr. 27, 2020) .....................................................................10

*Park* v. *Dole Fresh Vegetables, Inc.*,
964 F. Supp. 2d 1088 (N.D. Cal. 2013) .................................................................................5

*Piper Aircraft* v. *Reyno*,
454 U.S. 235 (1981)................................................................................................................9

*Ponomarenko* v. *Shapiro*,
287 F. Supp. 3d 816 (N.D. Cal. 2018) ..................................................................................5

*R. Griggs Grp. Ltd.* v. *Consolidated Shoe, Inc.*,
1999 WL 226211 (N.D. Cal. Apr. 9, 1999) ...........................................................................9

*Reibman* v. *Renesas Elecs. Am., Inc.*,
2014 WL 251955 (N.D. Cal. Jan. 7, 2014) ...........................................................................9

*Republic of Kaz.* v. *Ketebaev*,
2018 WL 2763308 (N.D. Cal. June 8, 2018) .........................................................................8

*Rycz* v. *Superior Ct. of San Francisco Cnty.*,
81 Cal. App. 5th 824 (2022) .............................................................................................4, 10

*Saleh* v. *Titan Corp.*,
361 F. Supp. 2d 1152 (S.D. Cal. Mar. 21, 2005) .................................................................10

*Spread Your Wings, LLC* v. *AMZ Grp. LLC*,
2020 WL 5749085 (N.D. Cal. Sept. 25, 2020) ......................................................................7

*Stewart Org., Inc.* v. *Ricoh Corp.*,
    487 U.S. 22 (1988) ..................................................................................................5

*In re Uber Rideshare Cases*,
    Case No. CJC-21-005188 (Jan. 23, 2023) .................................................... *passim*

*Van Mourik* v. *Big Heart Pet Brands, Inc*,
    2018 WL 3549122 (N.D. Cal. July 24, 2018) ..................................................11, 13

*Vu* v. *Ortho-McNeil Pharm., Inc.*,
    602 F. Supp. 2d 1151 (N.D. Cal. 2009) ................................................................7

*Williams* v. *Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ................................................................8

*Yi* v. *Uber Techs., Inc.*,
    2018 WL 5013568 (N.D. Ill. Oct. 15, 2018) ......................................................2, 9

**Statutes**

28 U.S.C. § 1332 ..............................................................................................................5

28 U.S.C. § 1391(b)(2) ...................................................................................................5

28 U.S.C. § 1404(a) ................................................................................................1, 2, 4, 5

ARIZ. REV. STAT. ANN. §§ 28-9551 *et seq.* ...........................................................12, 13

**Other Authorities**

Fed. R. Civ. P. 45(c) .....................................................................................................10

- v -

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **PRELIMINARY STATEMENT**

3       This action arises out of claims that Plaintiff, an Arizona resident, was allegedly sexually

4  assaulted by an independent contractor driver, also an Arizona resident, during a ride in Arizona.

5  Plaintiff nevertheless has brought her claims hundreds of miles away from Arizona, in federal

6  court in California.  The proper forum for this action is the District of Arizona, where the incident

7  occurred - - not this Court.  Resolution of the forum question here is particularly straightforward

8  because Plaintiff agreed three times to a contractual forum selection clause requiring that these

9  claims be brought in the state in which the incident occurred.  In particular, Plaintiff agreed: "any

10  dispute, claim, or controversy arising out of or relating to incidents or accidents resulting in

11  personal injury (including but not limited to sexual assault or harassment claims) . . . ***shall be***

12  ***brought exclusively in the state or federal courts in the State in which the incident or accident***

13  ***occurred***."  Declaration of Alejandra O'Connor in Support of Uber's Motion to Transfer Venue to

14  the District of Arizona ("O'Connor Decl.") Ex. A (emphasis added); Ex. B (emphasis added); Ex.

15  C (emphasis added).  Here, that state is Arizona.

16       Even if there were no such clause, the private and public interest factors analyzed under 28

17  U.S.C. § 1404(a) favor transfer to Arizona.  Plaintiff resides in Arizona.  The alleged tortfeasor

18  likely resides in Arizona.  Arizona is where the primary witnesses to the alleged incident and its

19  consequences are likely to be located.  And Arizona has a far greater interest than California in

20  adjudicating this case, including through the application of Arizona tort law and the Arizona

21  regulations governing the operations of Uber and other Transportation Network Companies

22  ("TNCs") within its borders.

23       That Uber has one of its headquarters in California does not change the analysis.  Uber is

24  a global operation with dozens of offices all over the country, including Arizona, that is locally

25  regulated wherever it does business, governed by a patchwork of different state laws and

26  regulations specific to TNCs.  Thus, decision-making is not centralized in California.  As Judge

27  Orrick held on a similar fact pattern, even if California has "some interest in seeing this case

28  decided here," that interest does not outweigh the interests of the state in which the alleged incident

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC,                         CASE NO. 3:23-cv-03758-CRB
AND RASIER-CA, LLC'S MOTION TO TRANSFER

occurred and tort was committed. *Jane Doe* v. *Uber Techs., Inc.*, 2017 WL 2352032, at *1 (N.D. Cal. May 31, 2017) (the "Minnesota Action").

Transfer in favor of the state where the only eyewitnesses and most other potential witnesses reside is especially appropriate in a case alleging sexual assault. The highly individualized and intensely private experiences of such survivors heighten the necessity and importance of firsthand witnesses - - who are likely located in Arizona. It is for these reasons that this Court and the California state courts have granted motions for the transfer of cases under § 1404(a), as well as motions for the stay or dismissal of cases on *forum non conveniens* grounds, in personal injury cases involving alleged incidents that took place out-of-state.[1] The Court should do the same here and should grant transfer to the District of Arizona, where the alleged events underlying this action occurred.

## **FACTUAL AND PROCEDURAL BACKGROUND**

### **I.    Background on Uber.**

Uber is an international company with dozens of offices all over the United States, including Arizona. O'Connor Decl. ¶ 4. It is a technology company that uses its proprietary technology to develop and maintain digital multi-sided marketplace platforms. *Id.* ¶ 3. Some specific examples of platforms that Uber has developed include the Rides platform (connecting riders with independent drivers) and the Eats platform (merchants, delivery people, and eaters). *Id.* Unfortunately, the connections enabled by these platforms are not insulated from societal issues that span the globe. Sexual assault is one such issue.

### **II.    Background on this Complaint.**

Plaintiff alleges, on June 21, 2021, in Arizona, she used the rider version of the Uber App to request a ride. Compl. ¶¶ 6, 171. During the ride, the driver with whom she was connected

---

[1] *See, e.g.*, *Minnesota Action*, 2017 WL 2352032; Order on Uber's Motions to Stay or Dismiss Based on *Forum Non Conveniens*, *In re Uber Rideshare Cases*, Case No. CJC-21-005188 (Jan. 23, 2023) (the "California Action") (Declaration of Randall S. Luskey in Support of Uber's Motion to Transfer Venue to the District of Arizona ("Luskey Decl.") Ex. 1; Request for Judicial Notice ("RJN") ¶ 1) (granting *forum non conveniens* relief in two actions); *Yi* v. *Uber Techs., Inc.*, 2018 WL 5013568 (N.D. Ill. Oct. 15, 2018).

allegedly sexually assaulted Plaintiff.  Compl. ¶ 172.  Plaintiff subsequently reported this alleged incident to the City of Tempe Police Department.   O'Connor Decl. ¶ 13.[2]

Despite the fact that the alleged incident occurred in Arizona, and Plaintiff is a resident of Arizona, as well as, in all likelihood, the independent driver - - the alleged principal tortfeasor - - and other potential primary witnesses, Plaintiff brought this action against Uber in the Northern District of California on July 27, 2023.  Plaintiff asserts claims for negligence, vicarious liability, and product liability, among others.  Though Plaintiff's Complaint does not name the accused independent driver as a defendant, Uber intends to plead cross-claims against him upon the transfer of this action to the venue (the District of Arizona) where personal jurisdiction over the driver can be exercised.  Arizona likely is the only state where personal jurisdiction over the alleged assailant can be exercised.

**III.    The Forum Selection Clause.**

On April 26, 2021, Plaintiff consented to Uber's then-operative Terms of Use.  O'Connor Decl. ¶ 7.  She consented to Uber's Terms of Use again on January 9, 2022, and again on January 20, 2023.  *Id.* ¶¶ 8–9.  Without assenting to the Terms of Use, Plaintiff would have been unable to use the Rider App to connect with independent drivers.  *Id.* ¶ 5.  All three of the aforementioned Terms of Use that Plaintiff consented to include a forum selection clause specifically addressing the question of forum selection in the context of personal injury cases like this one:

> Notwithstanding the foregoing, ***any dispute, claim, or controversy arising out of or relating to incidents or accidents resulting in personal injury (including but not limited to sexual assault or harassment claims)*** that you allege occurred in connection with your use of the Services, whether before or after the date you agreed to the Terms, ***shall be brought exclusively in the state or federal courts in the State in which the incident or accident occurred***, notwithstanding that other courts may have jurisdiction over the parties and subject matter, and except as may be otherwise provided in the Arbitration Agreement above or in supplemental terms applicable to your region, to the extent permitted by law.

O'Connor Decl. Ex. A (emphasis added); Ex. B (emphasis added); Ex. C (emphasis

---

[2] Although the Complaint alleges that the alleged assault took place during a ride from Scottsdale, Arizona to Tempe, Arizona on June 21, 2021, Uber's records reflect that the ride described in the Complaint took place on July 21, 2019.  O'Connor Decl. ¶ 10.

1    added).[3]

2    **IV.     Background on Similar Decisions in Other Uber Cases.**

3              In a similar case, this court granted transfer under § 1404(a) to the state in which the alleged

4    incident occurred: Minnesota.   *See Minnesota Action*, 2017 WL 2352032.   This court first

5    recognized that the plaintiff, as a Minnesota resident, deserved "only minimal deference" for her

6    choice of forum.   *Id.* at *5.   It then weighed heavily the fact that "the majority of the evidence and

7    key third party witnesses are in Minnesota," including the plaintiff and alleged assailant driver.

8    *Id.* at *1; *see also id.* at *8.   Another factor weighing heavily in this court's analysis was

9    Minnesota's "substantially stronger" local interest.   *Id.* at *8.   This court was not persuaded that

10   Uber's maintenance of a headquarters in San Francisco altered the analysis, finding that

11   "Minnesota has a greater interest in protecting a Minnesota citizen against assault and battery than

12   California does."   *Id.*

13            Several California state court judges have found the same.   One recent decision is

14   particularly notable.[4]   Just months before Plaintiff filed her Complaint in this Court, a California

15   judge granted *forum non conveniens* relief to Uber in two cases brought by out-of-state plaintiffs

16   alleging sexual assault by out-of-state drivers in locations outside of California.   *California Action*,

17   (Luskey Decl. Ex. 1; RJN ¶ 1).[5]

18

19   _____

     [3]  If July 21, 2019 is actually the correct date for the alleged incident described in the Complaint,

20   then the Terms of Use that Plaintiff would have consented to prior to this ride were silent regarding
     forum selection.   However, this would have no effect on the analysis of the forum selection clause

21   in this case, conducted below.   As explained above, Plaintiff three times consented to a forum
     selection clause mandating that claims such as these be brought "in the state or federal courts in

22   the State in which the incident or accident occurred."   O'Connor Decl. Ex. A; Ex. B; Ex. C.   Each
     time, she agreed to honor this clause whether the alleged incident arose "before or after the date

23   you agreed to these Terms."   *Id.*

24   [4] Other relevant state court decisions include: *Jane Doe* v. *Uber Techs., Inc.*, CGC-17-556481 (San
     Francisco Super. Ct. Aug. 11, 2017) (Luskey Decl. Ex. 2; RJN ¶ 2) (granting *forum non conveniens*

25   relief in favor of the state where alleged incident occurred); *Jane Doe* v. *Uber Techs., Inc.,* CGC-
     19-579901 (San Francisco Super. Ct. Mar. 24, 2020) (Luskey Decl. Ex. 3; RJN ¶ 3) (same); *Gorne*

26   *& Walker* v. *Uber Techs.*, Inc., CGC-19-575852 (San Francisco Super. Ct. July 1, 2019) (Luskey Decl.
     Ex. 4; RJN ¶ 4) (same); *Rycz* v. *Superior Ct. of San Francisco Cnty.*, 81 Cal. App. 5th 824 (2022)

27   (granting Uber's motion to transfer venue to a different county, where alleged incident occurred).

28   [5] The January 23, 2023 Order relating to these two cases is currently on appeal.

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC,                    CASE NO. 3:23-cv-03758-CRB
AND RASIER-CA, LLC'S MOTION TO TRANSFER

1    The analysis conducted in these other cases is applicable here; these decisions reflect that
2    transferring a case to the state where the alleged incident occurred is appropriate.

3                                        **LEGAL STANDARD**

4    A district court may transfer a civil action "to any other district or division where it might
5    have been brought" if the transfer is for the convenience of the parties and the witnesses and is in
6    the interest of justice.  28 U.S.C. § 1404(a).  To determine if a transfer of venue is appropriate
7    under § 1404(a), courts apply a two-part test.  *First*, courts consider whether the case could have
8    been brought in the proposed transferee district.  *Second*, courts undertake an "individualized,
9    case-by-case consideration of convenience and fairness."  *Stewart Org., Inc.* v. *Ricoh Corp.,* 487
10   U.S. 22, 29 (1988).

11   Where, as here, the parties have agreed to a valid forum selection clause, the second step,
12   "the multifactor private-public interest analysis," is simplified, with a heavy emphasis placed on
13   the contractually specified forum.  *Ponomarenko* v. *Shapiro*, 287 F. Supp. 3d 816, 833 (N.D. Cal.
14   2018).  "When the parties have agreed to a valid forum-selection clause, a district court should
15   ordinarily transfer the case to the forum specified in that clause."  *Atl. Marine Const. Co.* v. *U.S.
16   Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).  "Only under extraordinary circumstances
17   unrelated to the convenience of the parties should a § 1404(a) motion be denied."  *Id.*

18                                          **ARGUMENT**

19   **I.    This Case Could Have Been Brought in Arizona.**

20   As a threshold matter, courts considering transfer must first determine whether the "case
21   could have been brought in the forum to which the moving party seeks to transfer the case."
22   *Park* v. *Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013). Just as this
23   Court does, the District of Arizona would have diversity subject matter jurisdiction over this matter
24   under 28 U.S.C. § 1332.  Uber does not dispute that the District of Arizona would be able to
25   exercise personal jurisdiction over Uber in this matter.  Finally, venue in the District of Arizona is
26   proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to
27   Plaintiff's claims occurred in the District of Arizona: the alleged assault.  Compl. ¶ 6; O'Connor
28   Decl. ¶ 12.

## II.   The Private Interest Factors, Including the Convenience of the Parties and Witnesses, Favor Transfer.

### A.   The Forum Selection Clause Is the Controlling Private Interest Factor.

Federal law governs the enforceability of forum selection clauses in diversity actions. *Jones* v. *GNC Franchising, Inc.,* 211 F.3d 495, 497 (9th Cir. 2000).  A forum selection clause is "prima facie valid."  *Docksider, Ltd.* v. *Sea Technology, Ltd.,* 875 F.2d 762, 763 (9th Cir. 1989).

Here, the forum-selection clause contained in Plaintiff's agreement states: "any dispute, claim, or controversy arising out of or relating to incidents or accidents resulting in personal injury (including but not limited to sexual assault or harassment claims) that you allege occurred in connection with your use of the Services, whether before or after the date you agreed to the Terms, shall be brought exclusively in the state or federal courts ***in the State in which the incident or accident occurred***, notwithstanding that other courts may have jurisdiction over the parties and subject matter."  O'Connor Decl. Ex. A (emphasis added); Ex. B (emphasis added); Ex. C (emphasis added).  Thus, under the forum selection clause, the District of Arizona - - the jurisdiction in which the alleged incident occurred - - is the proper forum.

Because this forum selection clause is mandatory and Plaintiff's claims fall within its scope, the clause should be enforced and the private interest factors, including Plaintiff's choice of forum, should be found to favor transfer to the District of Arizona.  *Future Foam, Inc.* v. *FXI, Inc.*, 2016 WL 11752908, at *4 (C.D. Cal. Apr. 5, 2016).

### 1.   The Forum Selection Clause is Mandatory.

The prevailing view in the Ninth Circuit is: "where venue is specified with mandatory language the clause will be enforced."  *Docksider*, 875 F.2d at 764.  "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers* v. *Pittsburg-Des Moines Steel Co*., 69 F.3d 1034, 1037 (9th Cir. 1995).  The forum selection clause contained in Plaintiff's agreement states that claims like hers: "***shall be brought exclusively*** in the state or federal courts in the State in which the incident or accident occurred, notwithstanding that other courts may have jurisdiction."  O'Connor Decl. Ex. A (emphasis added); Ex. B (emphasis added); Ex. C (emphasis added).  The language of this forum selection

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC,                    CASE NO. 3:23-cv-03758-CRB
AND RASIER-CA, LLC'S MOTION TO TRANSFER

provision is clearly mandatory. *See, e.g.*, *Universal Operations Risk Mgmt.*, 2012 WL 2792444, at *4.

>2.     <u>Plaintiff's Claims Fall within the Scope of the Forum Selection Clause.</u>

"Forum selection clauses are not limited to contract claims and 'can be equally applicable to contractual and tort causes of action.'" *Spread Your Wings, LLC* v. *AMZ Grp. LLC*, 2020 WL 5749085, at *4 (N.D. Cal. Sept. 25, 2020). The forum selection clause in this case applies broadly to "***any dispute, claim, or controversy arising out of or relating to incidents or accidents resulting in personal injury (including but not limited to sexual assault or harassment claims)*** that you allege occurred in connection with your use of the Services." O'Connor Decl. Ex. A (emphasis added); Ex. B (emphasis added).[6] Plaintiff was allegedly sexually assaulted during a trip arranged through the Uber App. In other words, Plaintiff's claims "relat[e] to" an incident "resulting in personal injury" - - specifically sexual assault - - that she alleges "occurred in connection with" her use of the Uber App.

**B.     Even if There Were No Forum Selection Clause, the Private Factors Would Favor Transfer.**

Even if no forum selection clause applied here, the private interest factors - - *i.e.*, the convenience of the parties and witnesses - - weigh heavily in favor of transfer. Factors relevant to the convenience inquiry include, among other things, plaintiff's choice of forum, the relative ease of access to sources of proof, and the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses. *Decker Coal Co.*, 805 F.2d at 843; *Vu* v. *Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

---

[6] The Ninth Circuit has explained that forum selection clauses "arising out of" a particular agreement apply to a narrower set of disputes than those "relating to" a particular agreement. *HSM Holdings, LLC* v. *Mantu I.M. Mobile Ltd.*, 2020 WL 7220462, at *3 (N.D. Cal. Jan. 30, 2020). "Forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement" - - "the dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract." *Id.*

1.    <u>The District of Arizona is More Convenient for the Parties.</u>

     (a)    *Plaintiff is an Arizona Resident and Her Decision to File Here Is Entitled to Minimal Consideration.*

The deference ordinarily accorded to Plaintiff's choice of forum is "**substantially reduced**" when the plaintiff "does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams* v. *Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (emphasis added). Here, Plaintiff does not reside in the Northern District of California, Compl. ¶ 6, which is reason enough to "substantially reduce[]" any deference owed to her choice of forum. Moreover, the Northern District of California lacks a significant connection to the core event at issue in the Complaint, the alleged assault in Arizona. *See Lapachet* v. *Cal. Forensic Med. Grp., Inc.*, 2017 WL 3917209, at *3 (N.D. Cal. Sept. 7, 2017). Uber is also prepared to litigate in the District of Arizona, which renders it a convenient venue for Uber as well.

For the same reasons, the courts in the California Action and Minnesota Action declined to recognize a presumption in favor of plaintiffs' choice of California courts. *California Action*, at 8–9 (Luskey Decl. Ex. 1; RJN ¶ 1); *Minnesota Action*, 2017 WL 2352032, at *4-5.

     (b)    *Arizona is the Only State That Can Provide Complete Resolution and Process, Thus Transfer Will Avoid Parallel Proceedings.*

The District of Arizona is convenient to all parties because fair and complete resolution of the parties' claims can be obtained only in Arizona, where there is personal jurisdiction over the accused independent driver in connection with this alleged incident. Although Uber has legal claims (express and implied indemnity and contribution) against the accused independent driver, Uber cannot name him in a cross-complaint because, as an Arizona resident with no apparent connections to California, the independent driver will not be subject to personal jurisdiction in California. *See* O'Connor Decl. ¶ 11. By contrast, Arizona courts have general jurisdiction over the accused independent driver because he resides in Arizona. *Republic of Kaz.* v. *Ketebaev*, 2018 WL 2763308, at *13 (N.D. Cal. June 8, 2018).

Because the accused independent driver is not subject to this Court's personal jurisdiction, he cannot be joined in this action by Plaintiff, nor impleaded by Uber, unless the action is transferred to Arizona. *See Reibman* v. *Renesas Elecs. Am., Inc.*, 2014 WL 251955, at *5 (N.D.

Cal. Jan. 7, 2014). For Uber to pursue its claims against the alleged assailant driver in a separate action would be a waste of judicial resources and risk the possibility of inconsistent rulings. *Piper Aircraft* v. *Reyno*, 454 U.S. 235, 259 (1981); *Yi*, 2018 WL 5013568, at *4. For these reasons, "district courts across the country have frequently transferred venue to allow a defendant to implead a party who is not subject to personal jurisdiction in the transferor court." *Kawamura* v. *Boyd Gaming Corp.*, 2012 WL 6047728, at *17 (D. Haw. Dec. 5, 2012). Transfer of this case to the District of Arizona would obviate the need to dismiss this action for failure to join the alleged assailant driver, an indispensable party. *R. Griggs Grp. Ltd.* v. *Consolidated Shoe, Inc.*, 1999 WL 226211, at *3 (N.D. Cal. Apr. 9, 1999) ("Transfer is preferable to dismissal whenever another district with proper venue exists.").

### 2.   The District of Arizona is More Convenient for Potential Witnesses.

#### (a)   *The Relevant Evidence and Witnesses are Located in Arizona.*

Plaintiff, an Arizona resident, alleges she was sexually assaulted by a then (and likely now) Arizona resident in Arizona. She reported this alleged incident to the City of Tempe Police Department. O'Connor Decl. ¶ 13; Luskey Decl. ¶ 2(b). At least two of the Uber employees who investigated this alleged incident currently reside in Arizona. O'Connor Decl. at ¶ 14; Luskey Decl. ¶ 2(c). Discovery will likely reveal other local witnesses, including, *e.g.* (1) healthcare providers who counseled or treated Plaintiff after the alleged assault, who may have relevant information regarding the damages and injuries Plaintiff allegedly suffered; and (2) individuals with whom Plaintiff and the alleged assailant spoke about the alleged assault, who may have relevant information regarding the events and allegations in Plaintiff's Complaint and/or the damages and injuries Plaintiff allegedly suffered. Luskey Decl. ¶ 2(d).

In light of the fact that Plaintiff and the accused independent driver both reside (or resided) in Arizona, *id.* ¶ 2(a); Compl. ¶ 6; O'Connor Decl. ¶ 11, and all of the alleged events occurred in Arizona, Compl. ¶ 6; O'Connor Decl. ¶ 12, it is not unreasonable to presume at this stage that many of these potential witnesses will be in Arizona. *Blankenship* v. *Medtronic, Inc.*, 2013 WL 3322031, at *4 (C.D. Cal. June 7, 2013). For that reason, the convenience of any non-party witnesses further favors transferring venue to the District of Arizona. Although Plaintiff will

1   undoubtedly argue that some of these witnesses may be located outside of Arizona, or that some

2   Arizona-based witnesses would be willing to travel to California, that exact argument was rejected

3   in the case in which Judge Orrick ordered transfer to the District of Minnesota. *Minnesota Action*,

4   2017 WL 2352032, at *6.

5            (b)      *The District of Arizona Can Compel Critical Witnesses to Testify*
                      *at Trial, While the Northern District of California Cannot.*

6

7            Not only would it inconvenience all Arizona-based non-party witnesses to retain this case

8   in California, it would also put them - - and whatever critical testimony they may have - - beyond

9   the reach of this Court's compulsory process. *See, e.g. Dawson* v. *Medtronic, Inc.*, 2013 WL

10  3322040, at *3 (C.D. Cal. Mar. 8, 2013).  Although all potential witnesses who reside in Arizona

11  are within the subpoena power of this Court, they (and their records) are well beyond the hundred-

12  mile reach of this Court's compulsory process power.  Fed. R. Civ. P. 45(c).

13           Even if Uber and Plaintiff are able to depose any critical witnesses in Arizona, Uber will

14  not be able to compel an unwilling witness to testify at trial here. *See Coleman* v. *Mallinckrodt*

15  *Enter. LLC*, 2019 WL 1779574, at *2 (N.D. Cal. Apr. 23, 2019).  As the court in the Minnesota

16  Action held, Uber should not be denied the right to compel live testimony from critical witnesses

17  before the jury, lest it be "hampered in its defense of this case." *Minnesota Action*, 2017 WL

18  2352032, at *6; *North* v. *Samsung SDI Am., Inc.*, 2020 WL 1984020, at *8 (N.D. Cal. Apr. 27,

19  2020).  In a different case involving Uber, the California Appellate Court rejected the proposition

20  that remote testimony is an adequate substitute for live trial testimony. *Rycz*, 81 Cal. App. 5th at

21  841.  Limiting to videos the jury's ability to assess the character and credibility of so many central

22  witnesses, particularly in a case involving sexual assault, is not appropriate.

23           Perhaps the most important witness to this action, the alleged assailant, resided in Arizona

24  at the time of the alleged assault.  O'Connor Decl. ¶ 11.  This fact is crucial because not all

25  witnesses are given equal weight in a § 1404 analysis: the court must consider "the importance of

26  the witnesses." *Saleh* v. *Titan Corp.*, 361 F. Supp. 2d 1152, 1161 (S.D. Cal. Mar. 21, 2005).  Trial

27  testimony by the accused driver - - the only eyewitness (that we know of) to the alleged assault

28  other than Plaintiff - - will undoubtedly play a significant role in this action. *Minnesota Action*,

- 10 -

2017 WL 2352032, at *6.

Where, as here, the bulk of the witnesses and evidence relating to the alleged incident and its impact on the Plaintiff is centered in the alternate venue, transfer to that venue is appropriate.

### 3. The Location of Uber's Corporate Headquarters Does Not Render the Northern District of California a More Convenient Venue.

Despite the fact that Plaintiff, the independent driver, as well as possibly other key witnesses are located in Arizona, Plaintiff may argue that California is a proper venue for this litigation because Uber maintains a headquarters here and, as a result, information related to corporate decision-making must be present here. This is unpersuasive for at least two reasons.

*First*, this is a lawsuit about a sexual assault allegedly committed by one Arizona resident against another Arizona resident that took place in Arizona, not, as Plaintiff suggests in her Complaint, a case about corporate fraud. *California Action*, at 11 (Luskey Ex. 1; RJN ¶ 1). On that basis, less weight is accorded to the location of Uber's headquarters than the location of the witnesses and evidence in the state of the alleged assault. *Id.* at 10–11; *see also Minnesota Action*, 2017 WL 2352032, at *4. This is fundamentally a case about sexual assault, and the evidence essential to this dispute, from parties and non-parties alike, is overwhelmingly located in Arizona. *See Van Mourik* v. *Big Heart Pet Brands, Inc*, 2018 WL 3549122, at *1 (N.D. Cal. July 24, 2018) (in consumer protection case, the location of the defendant's headquarters was "not enough to outweigh the fact that plaintiff is a Texas resident who saw the advertising in Texas, purchased the product in Texas, and seeks redress under Texas law").

Plaintiff, an Arizona resident, who claims to have relied on Uber's marketing and other statements (presumably) in Arizona, took a ride ordered using the rider version of the Uber App in Arizona, and now seeks redress that will most likely be governed by Arizona tort law. Moreover, Plaintiff cannot recover damages in this action, if at all, without first establishing that the accused independent driver assaulted her, the proof of which would be located *in Arizona*. *See California Action*, at 11 (Luskey Decl. Ex. 1; RJN ¶ 1) (quoting *Minnesota Action*, 2017 2352032, at *3). Those facts cannot be outweighed by Uber's presence in California.

*Second*, although Uber maintains a corporate headquarters in California, it is not centralized in California.  Uber operates its business on a state-by-state basis in compliance with local regulations.  In Arizona, for example, Uber operates in compliance with the regulatory scheme set forth by the Arizona legislature.  *See* ARIZ. REV. STAT. ANN. §§ 28-9551 *et seq*.  The local regulation of TNCs is not unique to California (or Arizona).  There is a patchwork of dissimilar laws and regulations in the many states where Uber does business, each of which has a specific interest in the operating of ride-sharing businesses within its borders.  Because of its nationwide (and indeed, worldwide) obligations, Uber has dozens of offices across the country, including Arizona.  O'Connor Decl. ¶ 4.  Plaintiff can hardly assume that relevant Uber operations, employees, and information will be located in California.  Coupled with the locus of the alleged incident and attendant evidence, the fact that Uber is regulated and situated all across the country plainly outweighs the fact that it maintains a headquarters in California.

## III.    The Public Interest Factors Favor Transfer.

Where, as here, there is a forum selection clause, the public interest factors rarely matter. In such cases, the party trying to escape enforcement of the forum selection clause "must show that the public interest factors ***overwhelmingly*** disfavor a transfer."  *Allred* v. *Innova Emergency Med. Assocs., P.C.,* 2018 WL 4772339, at *5 (N.D. Cal. Oct. 1, 2018) (emphasis added).  The public factors include, among other things, the competing forums' respective local interests in the controversy, the unfairness of burdening citizens in an unrelated forum with jury duty, the costs of resolving a dispute unrelated to the forum in which the plaintiff filed, and familiarity of each forum with the applicable law.  *Id.*  Here, as was the case with respect to the California Action, the public interest factors "weigh heavily in favor of transfer" because "foreign states have a substantial interest in cases involving injuries that occur within their borders, and in the application of their laws to regulate the conduct of defendants alleged to be responsible for those injuries." *California Action*, at 11, 14 (Luskey Ex. 1; RJN ¶ 1).

### A.    Local Interest and the Burden on the Courts and Jury.

Arizona's local interest in the controversy is greater than that of California.  As the California Action found, "because the harm[] Plaintiff[] allegedly sustained occurred outside

California, California's interest in providing Plaintiff[] a forum is outweighed by that of the state[] where [her] injuries occurred." *Id.* at 14.  Arizona residents and jurors have a greater compelling interest than California jurors in adjudicating cases involving alleged sexual assaults in Arizona by and against Arizona residents within Arizona.  When "none of the events related to this dispute occurred in this district" and "no witnesses or evidence exist in this district," the "imposition of jury duty on the citizens of this district" is an "unnecessary burden . . . better left to the citizens and courts of the district . . . where many of the events related to this dispute occurred."  *Hyundai Space & Aircraft Co.* v. *Boeing Co.*, 1999 WL 910131, at \*5 (N.D. Cal. Oct. 12, 1999).

Further, Arizona surely has an interest in seeing its own tort and personal injury common law applied by an Arizona court to redress injuries to Arizona plaintiffs that occur in Arizona.  In *Van Mourik*, the court found that Texas had a "much greater interest than California" in having a consumer protection case decided by a local court where the plaintiff was a Texas resident, who saw the advertising in Texas, and purchased the product in Texas.  2018 WL 3549122. at \*2.  In other words, because "the dispute is unquestionably 'at home' in [Arizona]," "[Arizona]'s local interest is greater." *Id.* at \*1.

Arizona also has a specific regulatory interest in the operation of TNCs within its borders and it has expressed that interest.  *See* Ariz. Rev. Stat. Ann. §§ 28-9551 *et seq.*  For example, Arizona regulates the means and manner by which drivers provide services to riders.  *See, e.g.*, *id.* at § 28-9552 (requiring TNCs to obtain specific permits in order to operate in the state); *id.* at § 28-9555(A)(2) (requiring local and national criminal background check of all TNC driver applicants); *id.* at § 28-9555(A)(3) (requiring driving history reports for all TNC driver applications); *id.* at § 28-9555(B) (imposing certain minimum requirements for all TNC drivers including as it relates to their criminal record, driving record, vehicle registration, and age); *id.* at 28-9556(B) (requiring TNCs to maintain trip records for at least one year).  Insofar as these Arizona-specific regulations relate to this action, Arizona courts should not be denied the opportunity to consider, apply, and enforce local policy concerning independent drivers and Uber. *See Gorne*, CGC-19-575852, at 3 (Luskey Decl. Ex. 4; RJN ¶ 4) ("Washington also has an interest in ensuring that Uber and Uber drivers comply with local rules and regulations in conducting

business in Washington."); *Minnesota Action,* 2017 WL 2352032, at *8 (observing that Minnesota has an "interest in the conduct of corporations operating in Minnesota").

By contrast, California has no significant interest in adjudicating a dispute involving an incident that occurred between Arizona residents in Arizona, involving the application of Arizona law, regulations, and public policy. *California Action*, at 14 (Luskey Decl. Ex. 1; RJN ¶ 1). The only connection this lawsuit has to the state of California is that Uber - - a company with global operations and global offices that is regulated locally in the hundreds of jurisdictions in which its Rides platform is used - - has one of its headquarters here. This is not dispositive. *See Minnesota Action*, 2017 WL 2352032, at *8.

**B.   Litigation Costs – Avoiding Unnecessary Expense and Duplicative Litigation.**

"Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions." *Italian Colors Rest.* v. *Am. Express Co.*, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003). As explained above, most if not all of the witnesses and direct evidence relating to the alleged incident and its consequences are located in Arizona.

More specifically, Arizona is the home to Plaintiff, and likely the alleged assailant driver. Luskey Decl. ¶ 2(a); Compl. ¶ 6; O'Connor Decl. ¶ 11. It is also home to the police officers to whom Plaintiff reported the alleged incident, as well as the Uber employees involved in investigating the alleged incident. O'Connor Decl. ¶¶ 13–14. It may also be the home of many other individuals, including those to whom Plaintiff may have spoken about the incident (*e.g.*, other friends, family, law enforcement, medical providers) or to whom the alleged assailant may have spoken about the incident. Luskey Decl. ¶ 2(b). Perhaps most critically, as discussed above, Uber will have to pursue its indemnity and contribution claims against the accused independent driver (based on the agreement that he executed with Uber) in an action that is litigated in Arizona, where the independent driver is subject to personal jurisdiction. As a consequence, if this Motion is denied, there will either be two separate court cases arising from the same alleged incident proceeding in two forums (this one and one in Arizona) or Uber will move to dismiss this action for failure to join the alleged assailant driver, an indispensable party.

Neither outcome favors judicial economy and neither is cost efficient for the parties or the

1   federal court system.  The costs associated with this litigation would be reduced by both Plaintiff's

2   and Uber's claims being litigated together in the only venue where that is possible: Arizona.

3   *Fein* v. *Public Serv. Coordinated Transp.*, 165 F. Supp. 370, 371 (E.D. Pa. 1958).  Thus, litigating

4   in Arizona - - where Plaintiff herself resides, Compl. ¶ 6; Luskey Decl. ¶ 2(a) - - will reduce the

5   costs of litigation, and this factor favors transfer.

6           **C.     Familiarity with Applicable Law.**

7           Though it need not be decided on this Motion, Arizona law is likely to apply to this case.

8   Thus, the public interest factor of familiarity with local law favors transfer.  Here, the alleged

9   incident occurred in Arizona.  Even if there will be a debate about whether Arizona or California

10  conflicts of laws principles govern here, that is ultimately inconsequential, because under either

11  state's analysis, Arizona substantive law will likely be deemed to apply.[7]

12          Not only will Arizona law likely apply to the tort law questions posed by these cases,

13  Arizona "tort and regulatory laws [] set[] the standards by which Uber's liability for alleged sexual

14  misconduct or sexual assaults by its drivers are likely to be determined." *California Action*, at 15

15  (Luskey Decl. Ex. 1; RJN ¶ 1).  Allowing Plaintiff's case to remain in California, although it will

16  likely be governed by the regulatory and tort law of Arizona, the state in which Plaintiff was

17  allegedly injured, would undermine the public's interest in trying cases in the forum most familiar

18  with the applicable law. *California Action*, at 15 (Luskey Decl. Ex. 1; RJN ¶ 1).  This factor favors

19  transfer.

20                                  **CONCLUSION**

21          For the foregoing reasons, Defendants respectfully request that the Court transfer this case

22  to the District of Arizona.

23  _____

24  [7] The conflict of law analysis is likely to result in Arizona law being deemed to apply because the
    parties agreed that the law of the state in which the incident occurred shall apply in all disputes,
    regardless of the venue.  O'Connor Decl. Ex. A; Ex. B; Ex. C.  Both California and Arizona law

25  reflect a public policy favoring the enforcement of exclusive choice of law clauses.  *See, e.g.*,
    *Ciena Cap. Funding, LLC* v. *Krieg's Inc.*,  394 P.3d 39, 43 (Ariz. Ct. App. 2017) (citing *Cardon*

26  v. *Cotton Lane Holdings, Inc.*, 841 P.2d 198, 202 (Ariz. 1992)); *Colaco* v. *Cavotec SA*, 236 Cal.
    Rptr. 3d 542, 557 (2018).  Even if there were no such clause, the conflicts of law analysis will still

27  result in application of Arizona law.  *See, e.g.*, *Dawson*, 2013 WL 3322040, at *2; *Bates* v. *Sup.*

28  *Ct. of State of Ariz., ex rel. Maricopa Cnty.*, 749 P.2d 1367, 1369–1372 (Ariz. 1988).

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC,                    CASE NO. 3:23-cv-03758-CRB
AND RASIER-CA, LLC'S MOTION TO TRANSFER

DATED:  September 15, 2023

**PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP**

By:     /s/ Randall S. Luskey
        RANDALL S. LUSKEY
        ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC;
and RASIER-CA LLC